No. R67/101.—Kurt Orban Company, Incorporated v. United States, reappraisement R61/6973 (Miami).

In accordance with stipulation of counsel that the issues of fact and law are the same in all material respects as those in *Kurt Orban Company, Inc.* v. *United States* (52 CCPA 20, C.A.D. 851), the court found and held that export value, as that value is defined in section 402(d), Tariff Act of 1930, is the proper basis of value for the galvanized wire and round steel wire in issue and that said value is the appraised value, less inland freight and f.o.b. charges of $8 per metric ton.

No. R67/102.—Kurt Orban Co., Inc. v. United States, reappraisement R62/5461 (New York).

In accordance with stipulation of counsel that the issues of fact and law are the same in all material respects as those in *Kurt Orban Company, Inc.* v. *United States* (52 CCPA 20, C.A.D. 851), the court found and held that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the galvanized wire and round steel wire in issue and that said value is the appraised value, less inland freight and f.o.b. charges of $11 per metric ton.

Before Judge Watson, September 21, 1967

No. R67/103.—Continental Merchandise Co., Inc. v. United States, reappraisement R66/2456 (Los Angeles).

In accordance with stipulation of counsel that the merchandise, facts, and issues are the same in all material respects as those in *Panation Trade Co.* v. *United States* (54 Cust. Ct. 758, A.R.D. 181), the court found and held that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the cigarette lighters here in question and that such value is the appraised values, less inspection fees in the sum of $0.05 per dozen.